# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-20376
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANTHONY ROBINSON, also known as Tony Marcel Robinson

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:00-CR-286-1

Before HIGGINBOTHAM, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

In December 2000, Anthony Robinson was found guilty by a jury of conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana, aiding and abetting possession with intent to distribute 100 kilograms or more of marijuana, aiding and abetting possession with intent to distribute 1000 kilograms or more of marijuana, and conspiracy to launder monetary instruments.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Presentence Investigation Report ("PSR") recommended a sentencing range of 292 to 365 months under the Federal Sentencing Guidelines based on upward departures for aggravated role and obstruction of justice. Robinson filed written objections to the PSR, contending that his base offense level was calculated using drug amounts that were not proven beyond a reasonable doubt. He also objected to the enhancements for his leadership role and for obstruction of justice on the ground that there was insufficient evidence to support those enhancements. The district court found that the enhancements for leadership role and obstruction of justice applied, but lowered the drug quantity determined by the PSR. The district court's findings placed Robinson's sentence in a range of 235 to 293 months under the Guidelines. The district court sentenced Robinson to 235 months in prison. Robinson appealed.

On remand for resentencing in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the district court adopted the same findings it made at Robinson's initial sentencing hearing. This placed Robinson's sentence in the same Guidelines range, 235 to 293 months. The court then varied the sentence downward from the Guidelines range under its post-Booker discretion because it concluded that even a sentence at the lowest end of the range would leave Robinson with an unfairly and unreasonably high prison term as compared to his co-conspirators. Robinson was resentenced to 180 months of imprisonment.

Robinson argues on his appeal of the resentencing that this court's post-Booker requirements that a district court use the Guidelines as a point of reference in determining a sentence and give reasons for any significant variance from the Guidelines' range render the Guidelines "quasi-mandatory." He contends treatment of the Guidelines as quasi-mandatory requires that sentences be based only on facts pleaded in the indictment and proven to a jury. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). In the case at hand, he contends that facts supporting enhancements for his leadership role and for

obstruction of justice should not be considered because they were not pleaded in the indictment or proven to a jury.

Robinson's argument is without merit. The requirements that a district court begin sentencing by calculating the applicable Guidelines range and then explain any variance therefrom do not run afoul of Booker and do not render the Guidelines "quasi-mandatory." The Supreme Court mandates these post-Booker procedures. See Gall v. United States, 128 S. Ct. 586, 594, 596-97 (2007); Rita v. United States, 127 S. Ct. 2456, 2465, 2468-69 (2007). In addition, Booker eliminated Sixth Amendment concerns that would otherwise have prohibited sentencing judges from finding all facts relevant to sentencing. United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Thus, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range . . . ." Id.; United States v. Johnson, 445 F.3d 793, 798 (5th Cir. 2006), cert. denied, 126 S. Ct. 2884 (2006). Accordingly, we find no error and affirm the district court.

AFFIRMED.